## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action Case No. 2:13-cv-12202-PDB-DRG |
| | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE subscriber assigned IP address, | ) |
| 68.43.35.2, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION AND SUPPORTING BRIEF OF COMCAST SUBSCRIBER ALPHA, AND HOUSEHOLD, FOR AN EXTENSION OF TIME, MOTION TO QUASH OR TO MODIFY SUBPOENA, AND MOTION FOR PROTECTIVE ORDER [CM/ECF 10]

### I.      INTRODUCTION

Plaintiff respectfully requests the Court deny Defendant's motion because Defendant has not provided a valid reason under Fed. R. Civ. P. 45 to quash the subpoena.  Defendant's Motion is largely devoid of any law and fails to even mention the governing Federal Rule of Civil Procedure.  Instead, Defendant attacks the merits of Plaintiff's Complaint, attacks Plaintiff through *ad hominem* attacks, denies having committed the alleged infringement, and suggests that Plaintiff should be treated differently before this Court because of the content of its copyrights.  None of these arguments has any bearing on a motion to quash.

The Court has already found that "Malibu has demonstrated good cause for early discovery.  It has stated a plausible claim for copyright infringement, and specifically identified the discovery sought."  CM/ECF 7, at p. 2.  Without the subpoena response from Defendant's Internet Service Provider ("ISP"), Plaintiff has no way to identify and pursue the anonymous internet user who used Defendant's IP address, 68.43.35.2, to infringe ten (10) of Plaintiff's

1

copyrighted movies using the BitTorrent file sharing protocol. District courts, including this one, have consistently permitted copyright owners to identify Doe Defendants through a Rule 45 subpoena, and two Federal Circuit Courts have held that Rule 45 subpoenas are permissible. Without the ability to identify on-line infringers, suits cannot be brought and rights cannot be enforced. For the foregoing reasons, as explained more fully below, this Court should deny the subject motion and allow Plaintiff to receive Defendant's identifying information consistent with its Order granting Plaintiff leave to serve the subpoena on Defendant's ISP. *See* CM/ECF 7.

## II.   FACTS

### A. Online Copyright Infringement Through the BitTorrent Protocol is a Serious and Significant Threat to Plaintiff's Business

Defendant's criticism of Plaintiff's copyright protection efforts is unjustified. Indeed, "[m]any internet blogs commenting on [these types of cases] ignore the rights of copyright owners to sue for infringement, and inappropriately belittle efforts of copyright owners to seek injunctions and damages." *Malibu Media, LLC v. John Does 1, 6, 13, 14 and Bryan White*, 2013 WL 3038025 at n.1 (E.D. Pa. June 18, 2013). In June Plaintiff won the first ever BitTorrent copyright infringement lawsuit to reach trial. *See Id*. In his Memorandum Report after the conclusion of the trial, the Honorable Judge Baylson made a number of significant findings. Importantly, Judge Baylson expressly emphasized that "Malibu is *not* what has been referred to in the media and legal publications, and in the internet blogosphere, as a 'copyright troll' . . . Rather, Malibu is an actual producer of adult films and owns valid copyrights, registered with the United States Copyright Office, in its works." *Id*. (Emphasis in original). Judge Baylson further recognized that: (1) "Malibu . . . expend[s] considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants . . . [is] valid."; (2) "[t]he evidence that Malibu presented at trial was persuasive as to the fact that it had

2

suffered real damages as a result of illegal downloading of its movies through BitTorrent."; and (3) "Malibu . . . satisfied its burden of proof with substantial evidence and deserves a large award." *Id.*, at *2, *8.

**B.  The Infringer**

Far from being speculation out of thin air as Defendant asserts, Plaintiff's Complaint is amply supported by relevant and admissible evidence.  Defendant infringed ten (10) of Plaintiff's movies between December 6, 2012 and April 11, 2013.  *See* Complaint Exhibit "B."  Indeed, Defendant has illegally downloaded Plaintiff's movies consistently and habitually.  *Id.*  By downloading each of these movies through the BitTorrent protocol, Defendant simultaneously distributes these movies to others, allowing other people to also steal Plaintiff's movies.  *See* Complaint, at ¶ 11.  On June 25, 2013, the Court entered an order allowing Plaintiff to subpoena Defendant's ISP to receive Defendant's identity, enacting procedural safeguards to the Defendant's benefit.  CM/ECF 7.

Plaintiff's investigator monitors a wide variety of BitTorrent traffic.  Before preparing its Complaint, Plaintiff asked its investigator to search through its database for other infringing conduct that may help identify the infringer.  Plaintiff's investigator returned a long list of BitTorrent activity by Defendant's IP address.  *See* Complaint Exhibit "C." This activity demonstrates that a person using Defendant's Internet is a habitual BitTorrent thief.  *Id.*  Further, this activity helps Plaintiff determine the correct infringer, if not Defendant himself/herself.  Exhibit C is attached to the complaint for the purpose of allowing an innocent subscriber to review it and identify the infringer.  Toward that end, each complaint attaches an Exculpatory Evidence Request Form.  Plaintiff intends for an innocent subscriber to use the Exculpatory Evidence Request Form and Exhibit "C" to identify the actual infringer; and, thereafter, tell

3

Plaintiff the identity of the infringer – all prior to serving any party.

Here, Defendant's Exhibit "C" indicates that Defendant consistently downloads mainstream movies (Piranha), television programs (Grimm, NCIS, Law and Order, Nashville, Monk, 2 Broke Girls, 666 Park Avenue, House of Cards), and music (Beastie Boys). All of this information helps paint a picture of the alleged infringer. Additionally, because Defendant has downloaded so much mainstream content, it is likely that Defendant's ISP, Comcast, has sent Defendant one or more DMCA notices.[1] Receipt of such notices by Defendant indicates that Defendant had knowledge of the infringing activity yet willfully continued to use the BitTorrent protocol to download copyrighted works. Additionally, Comcast's policy is to notify subscribers when excessive bandwidth usage is detected. Defendant's constant use of BitTorrent to obtain large movie files over the internet likely caused Comcast to notify Defendant of his/her excessive bandwidth usage as well. Also, the timespan of infringing activity eliminates the possibility that the infringer is a short term guest, visitor, or other interloper. Indeed, at this point in time, Plaintiff has advanced its technology and strengthened its case so that it is highly likely that the infringer is either the subscriber, or someone residing in the subscriber's home who the subscriber will be able to readily identify.

### III.  LEGAL STANDARD

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See Fed. R. Civ. P. 45(c)(3)(A)(i-iv)*. The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires

---

[1] DMCA stands for Digital Millennium Copyright Act. A DMCA notice is a notification of claimed infringement by a copyright owner that may be sent to an ISP such as Comcast. In response, the ISP must notify the infringer of the claimed infringement.

disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. *See Fed. R. Civ. P. 45(c)(3)(B)(i-iii).* "No other grounds are listed." *Malibu Media, LLC v. John Does 5-8*, 2013 WL 1164867 at *2 (D. Colo. 2013) (denying motion to quash in similar BitTorrent copyright infringement action where defendant's motion failed to comply with Rule 45). *See also Arista Records, LLC v. Does 1-15*, 2007 WL 5254326 (S.D. Ohio 2007) (denying motion to quash that failed to satisfy Rule 45.)

## IV.    THIS COURT SHOULD NOT QUASH THE SUBPOENA

Defendant has provided no reason under Rule 45 to quash Plaintiff's subpoena. Instead, Defendant's motion attacks the merits of Plaintiff's Complaint. And, such arguments are erroneous on a motion to quash. *See, Id.* "[T]he fact that the ISP-identified subscriber is not necessarily the infringer is not grounds to quash a subpoena served on the ISP[.]" *Malibu Media LLC v. John Does 1-28*, 2012 WL 7748917, at *12 (E.D. Mich. 2012). Arguments that go to the merits of Plaintiff's claims "do not address the propriety *vel non* of the subpoenas" are therefore "irrelevant and premature." *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012). *See also Third Degree Films, Inc. v. Does 1-2010*, 2011 WL 4759283 (N.D. Ind. 2011) (denying motion to quash); *W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 13 (D.D.C. 2011) (same).

Defendant argues that Plaintiff should not be permitted to receive the subpoenaed information due to the possibility that Defendant may not be infringer. Defendant also asserts that he/she did not commit the infringement. "A general denial of liability . . . is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information." *Malibu Media LLC v. John Does 1-28*, 2012 WL 7748917,

5

at *12 (E.D. Mich. 2012) quoting *Voltage Pictures, LLC v. Does 1–5,000,* 818 F.Supp.2d 28, 35 (D.D.C.2011). *See also Sojo Prods. Inc. v. Does 1-67*, 2013 WL 1759561, at *2 (E.D. Tenn. 2013) ("The putative Defendants may deny their liability once served with process in this case through appropriate pleadings, motions, or evidence at trial. A motion to quash is not the forum for addressing general denials of liability.")

### A. Plaintiff Must Obtain the Subpoena Response From Defendant's ISP to Protect its Copyrights Against Infringers

Without the identifying information of the internet subscriber who used Defendant's IP address to violate Plaintiff's copyrights, Plaintiff has no other way to begin to protect its copyrights against pervasive anonymous online infringement. *See e.g. Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 at *5 (N.D. Ill. 2013) (denying motion to quash).

> The Court agrees with Malibu. If the Court were to quash the subpoena as the Putative Defendants urge, it would be *impossible* for Malibu to protect its copyright against internet infringers. Furthermore, the Putative Defendants do not contest Malibu's argument that "the *only* way to enforce one's copyrights against online infringement is to subpoena the identity of the subscriber whose internet [connection] was used to commit the infringement." Even if, as the Putative Defendants contend, someone else used their internet connections to copy and distribute Malibu's films, the identity of IP address holders is relevant to Malibu's claims: it can provide a useful starting point for identifying the actual infringer. Thus, the Court finds that the relevance of the IP address holders' identity outweighs the burden of its subpoena.

*Id.* (Citations omitted, emphasis added.)

Even if the subscriber is not the infringer, Rule 26 of the Federal Rules of Civil Procedure provides for broad discovery. Rule 26(b)(1) permits parties to obtain discovery of "the identity and location of persons who know of any discoverable matter." *Raw Films, Ltd. v. John Does 1-15*, 2012 WL 1019067, at *6 (E.D. Pa. 2012) (holding that although the subpoena may only identify the subscriber and may not reveal the infringer's identity, the subpoenas are a proper use of discovery.). *See also e.g. Malibu Media, LLC v. John Does 1-15*, 2012 WL

6

3089383 at *9 (E.D. Pa. 2012) (denying motion to quash subpoena in similar BitTorrent copyright infringement case holding that the relevancy standard was satisfied); *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 at *5 (N.D. Ill. 2013) (same); *Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697 at *4 (D.N.J. 2012) (same). "Relevance is a broad concept at the discovery phase . . . The identity of the customers associated with the Alleged IP addresses is relevant under this standard . . . The subpoenas to the ISP, therefore, are a proper use of discovery." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 at *4 (C.D. Ill. 2012).

### B.  Plaintiff Allows Defendants to Proceed Anonymously

Malibu Media, LLC's owners have instructed its counsel to never oppose a defendant's motion to proceed anonymously.  This has been the case across the board for _every_ individual suit that it has ever filed.  Accordingly, Plaintiff does not object to allowing Defendant to remain anonymous through the end of discovery so long as Plaintiff is not prevented from conducting discovery in an orderly and efficient manner.  This concession should be sufficient to allay Defendant's concern over undue embarrassment.  Indeed, "it is within the discretion of the district court to grant [the defendant] the 'rare dispensation' of anonymity against the world (_but not the plaintiff_)." *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768 at *5 (N.D. Ill. 2012) (emphasis added) (*citing United States v. Microsoft Corp.,* 56 F.3d 1448, 1464 (D.C.Cir.1995)).

Although the potential for embarrassment may be sufficient to warrant the right to proceed anonymously in this case, it does not "outweigh the statutory right of [Plaintiff] to protect its property interest in its copyright." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 at *5 (C.D. Ill. 2012).  This Court has held similarly and allowed defendants in other BitTorrent copyright infringement cases to proceed anonymously without quashing the subpoena in order to prevent any undue embarrassment. *Patrick Collins, Inc. v. John Does 1-28*, 2013 WL

7

359759 at *11 (E.D. Mich. 2013) ("A protective order permitting the defendants to proceed anonymously would moot Doe 25's reputational concern, for now . . . But again, the subpoena issued to Doe 25's service provider will not be quashed."). *See also Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *7 (N.D. Ill. 2013) ("It would be unfair to deprive owners of copyrights to pornographic material the same protections as owners of other copyrighted work."); *Malibu Media, LLC v. John Does 1-22*, 2013 WL 24526 at *4 (D. Colo. 2013) (denying motion to quash noting, "[e]qually outside [the scope of Rule 45] is a party's concern that being named as defendant in a federal lawsuit may injure his or her reputation . . . [the Court] is ultimately bound by Rule 45 and must only quash a subpoena on the bases cited therein."). Plaintiff must obtain the subpoena response in order for this case to proceed.

### C. Plaintiff's Investigator's Technology is Accurate and Reliable

Although entirely irrelevant on a motion to quash, the technology used by Plaintiff's investigator to detect infringement is accurate and reliable. IPP Limited uses proprietary technology and processes to detect infringing activity by IP addresses. Its methods are unimpeachable and have been independently tested by a computer forensic expert. *See Malibu Media, LLC v. John Does 1, 6, 13, 14 and Bryan White*, 2:12-cv-02078-MMB, [CM/ECF 195] Audio Recording Testimony of Michael Patzer explaining IPP Limited's technology, at 00:57:00 – 01:31:15 (E.D. Pa. June 11, 2013). Judge Baylson, who presided over the trial, "concluded that Malibu had expended considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants—both of whom were located in Germany and who testified at the trial of June 10, 2013—was valid." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 2013 WL 3038025 at *2 (E.D. Pa. June 18, 2013).

Plaintiff expended the same effort and expense to determine the IP address of the

infringing party in this case and also used the same valid technology.   Accordingly, Plaintiff should be allowed to pursue the identified infringer in order to protect its copyrights.

### D.  Defendant's Remaining Assertions Are Erroneous

A large part of Defendant's Motion is devoted to the suggestion that Plaintiff should be required to divulge a wide-array of information that has nothing to do with either a motion to quash or Defendant's liability for the alleged infringement.  *See* Defendant's Motion, at pp. 11-13.  Indeed, the information sought is nothing more than a request to circumvent the Federal Rules of Civil Procedure to engage in a fishing expedition in the hopes of finding information that might support Defendant's *ad hominem* attacks on Plaintiff.  Defendant acknowledges that it seeks to engage in a baseless fishing expedition by, for example, relaying his/her enthusiasm about trying to use this lawsuit to uncover the truth behind certain rumors propagated by anti-copyright blogs and websites. Defendant's Motion, p. 12.  ("We are especially eager to learn more about the persistent rumors that have come to our attention…[.]").  Defendant also desires to question Plaintiff "based on past professional interest in tobacco and gaming industry litigation" and the relation between Plaintiff's copyrighted works and "the dopamine reward system in the brain, [that] keep[s] the heaviest-using customers coming back[.]"  *Id.*, at p. 13.  Clearly, allowing Defendant to pursue discovery along these lines violates the discovery rules.

There is no basis for requiring Plaintiff to divulge any of the information Defendant seeks.  This is especially true since most of the information sought far exceeds even the broad scope of discovery provided for under the Federal Rules.  Even if the information was relevant, which it is not, requiring Plaintiff to comply with burdensome discovery prior to allowing Plaintiff to know the identity of the individual it is litigating against and providing information to, is clearly improper.   Respectfully, the Court should ignore Defendant's invitation to

circumvent the Federal Rules of Civil Procedure so that Defendant can harangue Plaintiff with erroneous, burdensome, and harassing discovery.

### E.   The Only Two Circuit Courts to Address the Issue Have Approved the Use of Rule 45 Subpoenas to Identify Anonymous Online Infringers

Both the Eighth and Second Circuits, the only circuits to rule on this issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants.   The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." *In re Charter Communications, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, FN3 (8th Cir. 2005).  Similarly, in *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany."  By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants.

### F.   There is No Alternative Means for Plaintiff to Identify Online Infringers

Denying a copyright owner the ability to use a Rule 45 Subpoena to identify on-line infringers would deny copyright owners the ability to ascertain the identities of the infringers who illegally download and distribute their works through the Internet.  Consequently, no suits could be filed to enforce the infringement that occurs on-line.  Any such holding would not only be contrary to the express Congressional intent, it would also be directly at odds with almost all existing decisional authority.

In short, without the ability to identify the infringers, copyright owners would have a right without a remedy. This would violate perhaps the most esteemed jurist in U.S. history, Chief Justice Marshall's, often cited rule that "the very essence of civil liberty certainly consists

10

in the right of every individual to claim the protection of the laws, whenever he received an injury." *Marbury v. Madison*, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803).  Chief Justice Marshall continued "[t]he government of the United States has been emphatically termed a government of laws, and not of men.  It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right."  *Id.*  The U.S. still deserves that high appellation because it still creates remedies when vested rights that have been infringed.  The case in front of the bar is no exception; our government has provided copyright owners with the ability to ascertain the identity of infringers through a Rule 45 subpoena.

V.     **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: August 2, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:     /s/ *Paul J. Nicoletti*
        Paul J. Nicoletti, Esq. (P44419)
        36880 Woodward Ave, Suite 100
        Bloomfield Hills, MI 48304
        Tel:  (248) 203-7800
        Fax:  (248) 203-7801
        E-Fax: (248) 928-7051
        Email:  paul@nicoletti-associates.com
        *Attorneys for Plaintiff*

11

## CERTIFICATE OF COMPLIANCE

Pursuant to MI R USDCTED LR 5.1(a) I hereby certify that the PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH THIRD-PARTY SUBPOENA has been prepared using one of the font and point selections approved by the Court in MI R USDCTED LR 5.1(a)(3).  This document was prepared using Times New Roman (12 pt.).

By:  /s/ *Paul J. Nicoletti*
     Paul J. Nicoletti

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Paul J. Nicoletti*
     Paul J. Nicoletti